UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HAILIN JING,
Petitioner,
v.
JAMES JANECKA, et al.,
Respondents.

Case No. 5:26-cv-06409-PD

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 249-251-674**

Hailin Jing ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The Court has considered the Petition, the attached exhibits, Respondents' response, and Petitioner's reply. For the reasons stated below, the Petition is granted.

**Background**

Petitioner is a national and citizen of the People's Republic of China who entered the United States at or near Otay Mesa, California, on or about July 11, 2023. Dkt. No. 1, Petition ¶¶ 23–24. The Department of Homeland Security ("DHS") issued him a Notice to Appear on July 12, 2023, and determined he was not a danger to the community nor a risk of flight and released him into the community upon his own recognizance pursuant to 8

U.S.C. § 1226(a). *Id.* ¶¶ 25–26. On June 3, 2024, Petitioner filed a form I-589, Application for Asylum and for Withholding of Removal with the Immigration Court. *Id.* ¶ 30. On September 24, 2026, an Immigration Judge denied his application and ordered him removed. *Id.* ¶ 31. Petitioner filed an appeal of his removal order to the Board of Immigration Appeals on October 23, 2026; that appeal is pending. *Id.* ¶ 32.

Petitioner resided openly in Hacienda Heights, California throughout the three years that followed his release. *Id.* ¶ 27. Petitioner states he appeared at every hearing in his removal proceedings and reported to U.S. Immigration and Customs Enforcement ("ICE") as directed. *Id.* Petitioner has never been arrested, charged, or convicted of any criminal offense in the United States. *Id.* ¶ 28.

On October 27, 2026, Petitioner appeared for a routine check-in at the ICE ERO Los Angeles Field Office. *Id.* ¶ 36. ICE took Petitioner into custody without notice, an opportunity to be heard, without adducing evidence that he was neither a danger nor a flight risk, and no determination by a neutral adjudicator. *Id.* ¶ 38. Following his arrest, Petitioner was transferred to the Adelanto ICE Processing Center, where he remains confined. *Id.* ¶ 39. Since then, no immigration judge has conducted a custody redetermination and Respondents have alleged no criminal offense, danger to the community, or any immigration violation. *Id.* ¶ 41.

**Discussion**

The Petition raises five claims: (1) Petitioner's detention without pre-deprivation notice or a hearing violated due process; (2) his continued detention without any custody determination violates the Fifth Amendment; (3) his detention exceeds Respondents' authority under 8 U.S.C. § 1226(a); (4) his re-detention disregarded Respondents' own release determination,

violating the *Accardi* Doctrine[1] and the Administrative Procedure Act; and (5) his seizure and continued detention is in violation of the Suspension Clause. Petitioner seeks release.

Respondents' answer to the Petition only states that they "are not presenting an opposition argument at this time." Dkt. No. 7 at 2.[2] Respondents did not substantively respond to the Petition—not to the merits of his due process claim and not to the requested relief.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Petitioner argues that his detention is a violation of his Constitutional procedural due process rights. Petition ¶ 61. He argues that he had a protected liberty interest in remaining at liberty in the community after DHS released him in July 2023. *Id.* ¶ 53. Further, he contends that under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), he was entitled to pre-deprivation process. *Id.* at 11–13.

---

[1] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

[2] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

Respondents did not present an opposition argument in their Response. Dkt. No. 7 at 2. Their failure to do so constitutes forfeiture of the arguments they *could* have made. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375–76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh*

*v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## IV. Order

For the foregoing reasons, the Petition is GRANTED.

Petitioner Hailin Jing (A# 249-251-674) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: November 10, 2026

Patricia Donahue
United States Magistrate Judge